BRUCE JEFFERSON *v.* COMMISSIONER OF
CORRECTION
(AC 26585)

McLachlan, Harper and Lavine, Js.

Argued September 15, 2006—officially released January 23, 2007

*Kenneth Paul Fox,* special public defender, for the appellant (petitioner).

*Nancy L. Chupak,* assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky,* state's attorney, and *Angela R. Macchiarulo,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Bruce Jefferson, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. The petitioner claims that the court improperly granted the motion to dismiss his petition filed by the respondent, the commissioner of correction, and that the court improperly denied his petition for certification to appeal. We dismiss the appeal.

In April, 2000, the petitioner pleaded guilty to the crimes of burglary in the first degree, forgery in the second degree, larceny in the sixth degree and assault of a victim sixty years of age or older.[1] In June, 2000, as a result of the petitioner's guilty pleas, the court sentenced the petitioner to a total effective term of twelve years incarceration to be followed by eight years of special parole.

In his amended petition for a writ of habeas corpus, dated August 27, 2004, the petitioner argued that the

---

[1] The petitioner also admitted that he violated the terms of his probation in three unrelated cases. As a result, the court revoked his probationary status and sentenced the petitioner to serve the full terms of the sentences imposed in each case.

court's sentence following his guilty pleas on the criminal charges was "impermissible," "a miscarriage of justice," and a violation of his rights under the federal and state constitutions because it was improper for the court to have imposed *any* period of parole following his completed term of imprisonment. The petitioner contended that "parole, which is a release from confinement within a term of incarceration," could not be imposed legally "subsequent to completion [of a term] of incarceration." In his petition, the petitioner acknowledged that he had raised this claim by means of a motion to correct an illegal sentence, that the court had denied his motion in February, 2004, and that he had not appealed from that judgment.

In September, 2004, the respondent filed a return, alleging procedural default in that the petitioner did not raise the claim on direct appeal following the court's judgment denying his motion to correct an illegal sentence. In his reply to the return, the petitioner denied that he was procedurally defaulted from raising the claim and, in the alternative, argued that he could prove cause and prejudice so as to permit review.

The respondent also filed a motion to dismiss the petition, arguing that the doctrines of res judicata and collateral estoppel precluded the petitioner from litigating the issue raised in the petition. The respondent argued that the petitioner had already litigated that claim before the trial court by means of his motion to correct an illegal sentence, that the court had rejected the claim and that the petitioner had not appealed from that judgment. In his objection to the motion to dismiss, the petitioner acknowledged that he had raised the same claim before the trial court, which summarily denied the claim. The petitioner disagreed with the respondent's legal analysis, however, arguing that there was support in law for the proposition that he could

relitigate the claim in a habeas proceeding. The petitioner also argued that the court denied the motion to correct summarily, "without hearing or indication that its merits were thoughtfully considered," and, thus, disagreed that the issue had been fully or fairly litigated, or that there existed a judgment on the merits.

The court held a hearing and, on October 4, 2004, issued a memorandum of decision dismissing the petition. The court concluded that the claim raised therein was res judicata. The court stated: "In his petition, the petitioner makes the same claim that he unsuccessfully asserted before the criminal trial court and fails to proffer any new facts or evidence to support his claim. Moreover, the petitioner asks this court to correct the trial court sentence pursuant to his request, notwithstanding that to do so would contravene the plain meaning of General Statutes § 54-125e, which allows a trial court to sentence a defendant to a period of special parole following a period of imprisonment. Finally, the petitioner offers no evidence of good cause to support his failure to appeal [from] the trial court's refusal to correct the sentence. The petitioner had a full and fair opportunity to litigate the legality of his sentence before the trial court and failed to appeal [from] that court's rejection of his claim. Therefore, he is now prohibited, pursuant to the doctrine of res judicata, from reasserting the same claim in his habeas petition." The court subsequently denied the petition for certification to appeal, and this appeal followed.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's

permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "[A] petitioner will establish a clear abuse of discretion in the denial of a timely request for certification to appeal if he can demonstrate the existence of one of the [criteria set forth in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)]." *Simms* v. *Warden*, supra, 616. Specifically, a petitioner bears the burden of demonstrating that the issues raised with regard to the court's dismissal of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, supra, 432.

We carefully have reviewed the record, the court's memorandum of decision and the briefs submitted by the parties. The dispositive issue raised in the amended petition for a writ of habeas corpus was resolved adversely to the petitioner in the judgment denying his motion to correct an illegal sentence, from which he did not appeal. The court properly applied the doctrine of res judicata to bar the relitigation of the claim. See *Bridges* v. *Commissioner of Correction*, 97 Conn. App. 119, 122, 905 A.2d 103, cert. denied, 280 Conn. 921, 908 A.2d 543 (2006). The petitioner challenges on several grounds the dismissal of his petition, yet he has not demonstrated that the issues raised with regard to the court's dismissal of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, supra, 432. Having failed to satisfy any of these criteria, the petitioner has failed to persuade us that the denial of his petition

for certification to appeal reflects an abuse of discretion.

The appeal is dismissed.