******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IAN WRIGHT *v.* COMMISSIONER OF CORRECTION
(AC 34562)

Gruendel, Lavine and Bishop, Js.

*Argued October 30, 2013—officially released January 14. 2014*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Ian Wright*, self-represented, the appellant (petitioner).

*Adam E. Mattei*, deputy assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Craig P. Nowak*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ian Wright, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court, *Newson, J.*, denying his second petition for a writ of habeas corpus. On appeal, the petitioner claims that the court erred by dismissing counts two and three of his petition for a writ of habeas corpus. We dismiss the appeal.

The following factual and procedural history, as set out by this court in the petitioner's appeal from the 2006 denial of his petition for a writ of habeas corpus, is relevant to the resolution of the petitioner's claim. "The petitioner was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a, as enhanced by General Statutes § 53-202k, and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35. He was sentenced to a total effective term of thirty-five years incarceration. His conviction was affirmed on direct appeal. . . . Thereafter, the petitioner filed a petition for a writ of habeas corpus, in which he alleged that he was deprived of the effective representation of trial and appellate counsel as guaranteed by the sixth amendment to the United States constitution. The petition came before the habeas court [*Fuger, J.*] on April 5 and May 3, 2006. After admitting various documents into evidence . . . the court denied the petition. . . . The court granted the petition for certification to appeal to this court on July 28, 2006." (Citation omitted.) This court affirmed the judgment of the habeas court in *Wright* v. *Commissioner of Correction*, 106 Conn. App. 342, 343–44, 942 A.2d 438, cert. denied, 289 Conn. 901, 957 A.2d 875 (2008).

The petitioner thereafter filed two petitions for a writ of habeas corpus, which the court consolidated.[1] The petitioner then filed a four count amended petition, which is the subject of the present appeal. In this petition, the petitioner alleged, in count one, the ineffective assistance of habeas counsel in the first habeas proceeding; in count two, the ineffective assistance of trial counsel in the underlying criminal trial; in count three, the ineffective assistance of appellate counsel in the direct appeal from the underlying criminal conviction; and, finally, in count four, the ineffective assistance of appellate counsel in the first habeas proceeding. In his return, the respondent, the Commissioner of Correction, alleged, as a special defense, that counts two and three of the consolidated petition were successive on the ground that the petitioner had made the same claims in the first petition. On January 20, 2012, Judge Newson rendered partial judgment, dismissing counts two and three of the amended petition as successive pursuant to Practice Book § 23-29 (3). Thereafter, the petitioner filed a motion to reconsider, arguing that his claims were never adjudicated in his first habeas petition and that he required a ruling on those claims in order to

meet the state court exhaustion requirements of federal habeas corpus jurisdiction.[2]

In February, 2012, trial took place on counts one and four of the amended petition. During the hearing, the petitioner addressed his motion to reconsider in which he argued that counts two and three of his petition had not been adjudicated on the merits by Judge Fuger in conjunction with the first petition and, therefore, he was entitled to an evidentiary hearing on the merits of those claims. He argued, accordingly, that the claims made against his criminal trial and appellate attorneys in his first petition and repeated in this consolidated and amended petition were not successive because his "previous habeas corpus attorney didn't claim constitutional violations" and that he was now asserting fifth, sixth, and fourteenth amendment violations that had not previously been made in regard to these counts. Unpersuaded, Judge Newson found that Judge Fuger had adjudicated the claims of ineffective assistance of trial and appellate counsel and, accordingly, Judge Newson reaffirmed his dismissal of counts two and three. The hearing proceeded on counts one and four. On February 24, 2012, the court issued its judgment orally, concluding that the petitioner had failed to prove ineffective assistance of either habeas trial counsel or habeas appellate counsel. Accordingly, the court denied the petition. The petitioner timely filed for certification to appeal, which the habeas court denied. This appeal followed.

The petitioner claims that Judge Newson abused his discretion when he denied the petition for certification to appeal and, specifically, that he erred in dismissing counts two and three of his amended petition as successive.[3] We are not persuaded.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Internal quotation marks omitted.) *Jefferson* v. *Commissioner of Correction*, 99 Conn. App. 321, 324–25, 913 A.2d 491 (2007).

As noted, Judge Newson dismissed counts two and three pursuant to Practice Book § 23-29, which provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reason-

ably available at the time of the prior petition . . . ."

"Our Supreme Court has stated that [i]n our case law, we have recognized only one situation in which a court is not legally required to hear a habeas petition. In *Negron* v. *Warden*, [180 Conn. 153, 158, 429 A.2d 841 (1980)], we observed that, pursuant to Practice Book [§ 23-29], [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing. . . . In this context, a ground has been defined as sufficient legal basis for granting the relief sought. . . .

"[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 109 Conn. App. 300, 305–306, 950 A.2d 619 (2008).

We agree with the court's conclusion that counts two and three of the amended habeas petition were successive. Count two alleges the ineffective assistance of trial counsel while count three alleges the ineffective assistance of appellate counsel. These claims are nearly identical to claims alleged in counts one and two of the petitioner's first petition, dated January 24, 2006.[4] Although the petitioner asserts that counts two and three of the amended petition differ because he now claims constitutional violations for the first time, this is inaccurate because, in both counts one and two of the first petition, he argued that he was denied the effective assistance of counsel in violation of the sixth and fourteenth amendments. In addition, the prayer for relief in both petitions is identical. The court thus properly dismissed counts two and three of the petitioner's amended petition as successive.

The petitioner also argues that the second habeas court erred in dismissing both counts without conducting an evidentiary hearing. If the court had done so, the petitioner asserts, it would have concluded that Judge Fuger did not adjudicate either count on the merits and that, therefore, the claims cannot be successive. Contrary to the petitioner's argument, the record shows that Judge Newson gave the petitioner ample opportunity to present evidence, which the petitioner did not do. Additionally, the petitioner's contention that Judge Fuger did not adjudicate the petition on the merits is incorrect. Indeed, the record reflects that the court's disposition of the petitioner's first petition for a writ of habeas corpus constituted a judgment on the merits of the petitioner's ineffective assistance of coun-

sel claims. On the basis of our review of the record, we conclude that Judge Newson did not abuse his discretion in his disposition of this habeas action.

The appeal is dismissed.

[1] The petitioner filed his second petition for a writ of habeas corpus in *Wright* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-06-4001430. The petitioner also filed a third petition for a writ of habeas corpus in *Wright* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-10-400-3354.

[2] Section 2254 (b) (1) of title 28 of the United States Code provides in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

[3] In counts one and four of his amended petition, the petitioner alleged that habeas trial counsel and habeas appellate counsel rendered ineffective assistance. The petitioner has not appealed from the court's judgment dismissing those counts and, therefore, we need not address counts one and four of his amended petition on appeal.

[4] The allegations of ineffective assistance of trial counsel and appellate counsel made in the present petition were also alleged in the petitioner's first petition.