******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GARY DAMATO *v.* COMMISSIONER
OF CORRECTION
(AC 35727)
(AC 36201)
(AC 36378)

Keller, Mullins and Pellegrino, Js.

*Argued January 14—officially released March 24, 2015*

(Appeals from Superior Court, judicial district of
Tolland, Swords, Newson, Js.)

*Craig A. Sullivan*, assigned counsel, for the appellant (petitioner).

*Rocco A. Chiarenza*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Kelly A. Masi*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Gary Damato, appeals following the denial of his petitions for certification to appeal from the judgments of the habeas court denying and dismissing his petitions for a writ of habeas corpus. Because the petitioner has failed to demonstrate that the court improperly denied the petitions for certification to appeal, we dismiss the appeals.

Initially, we set forth the applicable standard of review and procedural hurdles that the petitioner must surmount to obtain appellate review of the merits of a habeas court's denial of the habeas petitions following the court's denial of the petitions for certification to appeal. "In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), we concluded that . . . [General Statutes] § 52-470 (b) prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), we incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Emphasis omitted; internal quotation marks omitted.) *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 214–15, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013).

We now consider the merits of the claims raised by the petitioner in each of his appeals.

I

AC 35727

In AC 35727, the petitioner claims that the habeas court improperly denied his petition for certification to appeal from the judgment of the court denying his petition for a writ of habeas corpus in *Damato* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-05-4000842 (June 25, 2009). He argues that there

was merit to his underlying claim that the habeas court improperly granted counsel's motion to withdraw and improperly declined to appoint new counsel. We are unable to conclude that the court abused its discretion in denying the petition for certification to appeal because this issue was not raised in the petition for certification. See *Tutson* v. *Commissioner of Correction*, supra, 144 Conn. App. 216–17 (when petitioner does not raise claim in petition for certification to appeal, "we cannot conclude that the court abused its discretion on that ground"); *Mercado* v. *Commissioner of Correction*, 85 Conn. App. 869, 872, 860 A.2d 270 (2004) (habeas court could not abuse discretion in denying petition for certification to appeal merits of claim when claim at issue was not raised in petition for certification to appeal), cert. denied, 273 Conn. 908, 870 A.2d 1079 (2005).

"As our standard of review set forth previously makes clear, an appeal following the denial of a petition for certification to appeal from the judgment denying a petition for a writ of habeas corpus is not the appellate equivalent of a direct appeal from a criminal conviction. Our limited task as a reviewing court is to determine whether the habeas court abused its discretion in concluding that the petitioner's appeal is frivolous. Thus, we review whether the issues for which certification to appeal was sought are debatable among jurists of reason, a court could resolve the issues differently or the issues are adequate to deserve encouragement to proceed further. . . . Because it is impossible to review an exercise of discretion that did not occur, we are confined to reviewing only those issues which were brought to the habeas court's attention in the petition for certification to appeal." (Internal quotation marks omitted.) *Blake* v. *Commissioner of Correction*, 150 Conn. App. 692, 696–97, 91 A.3d 535, cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014); see also *Kowalyshyn* v. *Commissioner of Correction*, 155 Conn. App. 384, 389,     A.3d    (2015). Accordingly, the petitioner is unable to establish that the habeas court abused its discretion in denying certification to appeal.

II

AC 36201

In AC 36201, the petitioner claims that the habeas court improperly denied his petition for certification to appeal after dismissing his petition for a writ of habeas corpus on the ground of res judicata in *Damato* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-13-4005546 (August 30, 2013). He argues that his claims were not res judicata. The respondent, the Commissioner of Correction, argues that the court properly determined that this was a successive petition, and, therefore, that it properly denied the petition for certification to appeal. A review of the record in this case leads us to conclude that the court denied the

petition for certification to appeal, not on its merits, but, because it was untimely. The petitioner has not challenged the habeas court's actual basis for denying his petition for certification to appeal, which was that the petition was untimely.

Accordingly, as we recently held in *Collazo* v. *Commissioner of Correction*, 154 Conn. App. 625, 630, A.3d (2015), "we find no indication that the petitioner is challenging, on appeal, the habeas court's denial of his petition on the basis of his failure to file the petition by the statutory deadline mandated under § 52-470 (g), which constituted the actual basis for the court's denial of the petition. As a result of his failure to address the court's conclusion that his petition for certification to appeal was untimely, the petitioner has not met his burden to prove that the court abused its discretion in denying the petition."

### III

### AC 36378

In AC 36378, the petitioner claims that the habeas court improperly denied his petition for certification to appeal after dismissing his petition for a writ of habeas corpus on the ground of res judicata in *Damato* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-13-4005634 (October 22, 2013). He argues that his petition alleged claims of "prosecutorial [impropriety], ineffective assistance of counsel, fourth amendment violations as a result of illegal wiretaps, and [a claim] that the petitioner was incompetent." He contends that the court improperly concluded that the petition was successive because it alleged only claims of ineffective assistance involving criminal trial counsel, Attorney Donald O'Brien, which previously had been considered by the court. He further contends that, even though his claim of ineffective assistance had been considered previously, it never was properly litigated because successor counsel was not appointed in an earlier habeas proceeding, forcing the petitioner to proceed as a self-represented party when asserting his claim of ineffective assistance of criminal trial counsel.

We conclude that the court did not abuse its discretion in denying the petition for certification to appeal because the petitioner told the habeas court that his petition for a writ of habeas corpus, which, with attachments, was approximately fifty pages long, concerned a claim of ineffective assistance of criminal trial counsel. In other words, the petitioner himself narrowed his petition to focus solely on another claim of ineffective assistance. The habeas court, therefore, properly dismissed the petition, concluding that it was successive.[1]

In response to this petition for a writ of habeas corpus, and another petition that alleged the same claims but is not the subject of this appeal, the habeas court held a show cause hearing. During the hearing, the

court clarified that the petitioner was not seeking "to challenge the representation [that he] received in his most recent habeas, [but that he was seeking] to challenge his conviction from 2005. [The petitioner], since his conviction in 2005 . . . has filed, including the matters that the court is discussing today, sixteen habeas petitions . . . fifteen of those being since 2007, and [another] fourteen civil actions against individuals that were involved in one way or another in his—let me just make sure my numbers are correct. I'm sorry, that would be fifteen civil actions. So, that's a total of twenty-nine actions [that the petitioner] has filed . . . . So, if my math serves me correct, that's approximately twenty-eight actions in under six years that [the petitioner] has filed to challenge the same conviction."

The court asked the petitioner why his current petitions should not be dismissed because he was attempting to litigate the same issues. The petitioner responded in relevant part by stating that "not one of those petitions has ever been heard properly." The petitioner then began to discuss his criminal trial counsel's testimony at an earlier habeas proceeding and counsel's ineffectiveness during the petitioner's criminal trial. The following relevant colloquy then occurred:

"The Court: So, we're back to you attempting to make a claim of ineffectiveness against Attorney O'Brien? Is that . . . what the most recent petitions are about?

"The Petitioner: That was for his ineffectiveness for certain issues.

"The Court: Okay, the two most recent petitions?

"The Petitioner: No, this one now is for his failure . . . to put on any witnesses in my defense. . . .

"The Court: . . . [You] are attempting to make claims for ineffectiveness—

"The Petitioner: Yes.

"The Court: Against your trial attorney?

"The Petitioner: Exactly.

"The Court: Okay.

"The Petitioner: For his ineffectiveness for failure to have any defense on—any defense for me and failure to put on witnesses in my favor . . . [who] were subpoenaed . . . .

"The Court: At your criminal trial we're talking about? Correct?

"The Petitioner: At my criminal trial, yes, Your Honor.

"The Court: Okay, and you brought, in 2007 or 2008, you had a trial where you brought maybe different claims, but you brought a claim of ineffective assistance against Attorney O'Brien, right?

"The Petitioner: Exactly, for other issues."

The court, then, dismissed the petition as successive, the petitioner having agreed specifically that he, again, was raising an issue of ineffective assistance by Attorney O'Brien and that he previously had brought such a claim, although for other alleged deficiencies. The petitioner did not inform the habeas court that his petition involved more than an ineffective assistance of counsel claim.

Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

"Our courts have repeatedly applied the doctrine of res judicata to claims duplicated in successive habeas petitions filed by the same petitioner. . . . Specifically, in the habeas context, in the interest of ensuring that no one is deprived of liberty in violation of his or her constitutional rights . . . the application of the doctrine of res judicata . . . [is limited] to claims that actually have been raised and litigated in an earlier proceeding." (Citation omitted; internal quotation marks omitted.) *Moody* v. *Commissioner of Correction*, 127 Conn. App. 293, 297–98, 14 A.3d 408, cert. denied, 300 Conn. 943, 17 A.3d 478 (2011).

"[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, 147 Conn. App. 510, 515, 83 A.3d 1166, cert. denied, 311 Conn. 922, 86 A.3d 467 (2014).

In the present matter, the habeas court found that the petitioner was raising a claim of ineffective assistance of counsel, which was a claim previously litigated. During the show cause hearing, the petitioner specifically agreed that he previously had raised a claim of ineffective assistance regarding Attorney O'Brien and that he was asserting the same claim in the current petition, *but that the allegations in support of this claim were different*. Although we recognize that the petitioner sets forth *different allegations* in support of his claim of ineffective assistance, the claim still is one of ineffective assistance of counsel involving Attorney O'Brien. As we explained in *Alvarado* v. *Commissioner of Correction*, 153 Conn. App. 645, 651, 103 A.3d 169, cert. denied, 315 Conn. 910, 105 A.3d 901 (2014): "A

ground is a sufficient legal basis for granting the relief sought. . . . Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. . . . However they are proved, the grounds that the petitioner asserted are identical in that each alleges ineffective assistance of counsel, and, therefore, the habeas petition was properly dismissed." (Citations omitted; internal quotation marks omitted.)

The petitioner makes no claim that he is seeking different relief in this habeas proceeding from the relief he sought in prior petitions alleging ineffective assistance of counsel or that there are newly available facts or evidence not reasonably available at the time of his original petition. Accordingly, we conclude that the court properly declined to reach the merits of the petitioner's successive petition. Furthermore, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeals are dismissed.

[1] We note that in docket number CV-05-4000842, the habeas court, in a forty page decision, fully considered the petitioner's extensive claims of ineffective assistance of criminal trial counsel.