******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EDWARD PARKER *v.* COMMISSIONER
OF CORRECTION
(AC 37534)

Beach, Keller and Bear, Js.

*Argued September 9—officially released November 15, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J. [summary judgment]; Fuger, J.
[motion to vacate order, judgment dismissing petition].)

*W. Theodore Koch III*, assigned counsel, for the appellant (petitioner).

*Melissa L. Streeto*, senior assistant state's attorney,
with whom, on the brief, were *Peter A. McShane*, state's
attorney, and *David M. Carlucci*, senior assistant state's
attorney, for the appellee (respondent).

*Opinion*

BEAR, J. The petitioner, Edward Parker, appeals from the judgment of the habeas court dismissing his third petition for a writ of habeas corpus.[1] On appeal, the petitioner claims that (1) the habeas court, *Cobb, J.*, erred in rendering summary judgment on counts one and two of that petition, in which he alleged ineffective assistance of his trial counsel and first habeas counsel, respectively, because his third petition was a successive petition as to those counts; and (2) the habeas court, *Fuger, J.*, erred in granting the motion, filed by the respondent, the Commissioner of Correction, to dismiss count three of that petition, in which the petitioner alleged ineffective assistance of his second habeas counsel, under the doctrines of res judicata and collateral estoppel. We conclude that the court properly granted the respondent's motion for summary judgment on counts one and two because the third petition was a successive petition as to those counts. Additionally, we conclude that the court also properly dismissed count three on the alternative ground of collateral estoppel.[2] We therefore affirm the judgment of the habeas court.

The following factual and procedural background is relevant to our resolution of the petitioner's appeal. On July 20, 1999, the petitioner pleaded guilty under the *Alford* doctrine[3] to murder in violation of General Statutes § 53a-54a (a), and the court, *Iannotti, J.*, sentenced him in accordance with a plea agreement to thirty years incarceration in the custody of the respondent. At the sentencing hearing, the defendant sought new counsel and to withdraw his plea. See *State* v. *Parker*, 67 Conn. App. 351, 353, 786 A.2d 1252 (2001), cert. denied, 259 Conn. 922, 792 A.2d 855 (2002), cert. denied, 537 U.S. 838, 123 S. Ct. 155, 154 L. Ed. 2d 59 (2002). The court denied each request. Id. The petitioner thereafter appealed and claimed that his plea was not made knowingly, intelligently, and voluntarily. Id. This court affirmed his conviction. Id., 357.

This is the petitioner's third habeas corpus petition since his conviction. In this petition, he alleges ineffective assistance of his trial counsel, Stephen Gionfriddo; his first habeas counsel, Michael D'Onofrio; and his second habeas counsel, Thomas Mullaney. We describe the petitioner's habeas cases in turn.

In 2000, the petitioner filed his first petition for a writ of habeas corpus. *Parker* v. *Warden*, Superior Court, judicial district of New Haven, Docket No. CV-00-0439172-S (January 24, 2003) (*Parker I*). In his third amended two count petition in that proceeding, he alleged both ineffective assistance of trial counsel and actual innocence. The petitioner claimed that trial counsel: (1) did not adequately advise him of his option to plead guilty or to proceed to trial; (2) did not adequately

advise him concerning the consequences of his plea; (3) failed to ensure that his plea was made knowingly, intelligently, and voluntarily; (4) did not adequately advise him of the elements of murder; (5) did not conduct a sufficient investigation into possible defenses; (6) failed to conduct a sufficient investigation into the elements of the prosecution's proof or of his case; and (7) failed to conduct a sufficient investigation by not speaking to certain witnesses.

After a trial, the first habeas court denied the petition for a writ of habeas corpus, concluding that trial counsel's representation did not amount to ineffective assistance; that the petitioner failed to prove any of the allegations in his petition; and that he did not prove prejudice. The court also found that the petitioner had failed to prove by clear and convincing evidence that he was actually innocent of murder, the crime to which he pleaded guilty and of which he was convicted. Following the first habeas court's denial of his petition for certification to appeal, this court dismissed his appeal, and our Supreme Court denied certification to appeal. See *Parker* v. *Commissioner of Correction*, 83 Conn. App. 905, 853 A.2d 652 (2004), cert. denied, 281 Conn. 912, 916 A.2d 54 (2007).

In 2005, the petitioner filed his second petition for a writ of habeas corpus. *Parker* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-05-4000487-S (January 5, 2009) (*Parker II*). In his amended petition in that proceeding, he alleged both ineffective assistance of trial counsel and ineffective assistance of first habeas counsel. He claimed that trial counsel was ineffective because he failed to (1) file a motion to suppress the petitioner's statements and other evidence obtained during a stop and search of his vehicle; and (2) advise the petitioner about proceeding with a motion to suppress, and, if the court denied that motion, then entering a nolo contendere plea, which would permit him to appeal the denial of that motion to suppress. As to first habeas counsel, the petitioner claimed that he was ineffective for failing to raise these issues in the first habeas petition.

After a hearing, the second habeas court found that the petitioner was unlikely to prevail on the motion to suppress the petitioner's statements and other evidence, trial counsel discussed this with him, and, thus, trial counsel was not ineffective in failing to pursue the motion. This court dismissed the petitioner's appeal from the second habeas court's judgment, and our Supreme Court denied certification to appeal. See *Parker* v. *Commissioner of Correction*, 124 Conn. App. 905, 4 A.3d 354, cert. denied, 299 Conn. 911, 10 A.3d 527 (2010).[4]

On August 1, 2011, the then self-represented petitioner filed a third petition for a writ of habeas corpus, which is the subject of the present appeal. The habeas

court appointed counsel for him. On October 16, 2013, the petitioner amended his petition, claiming that his trial counsel was ineffective because he failed to (1) investigate the facts and circumstances of his statements to law enforcement officers, and the facts and circumstances concerning the search of his vehicle; (2) research legal and factual grounds for a motion to suppress his statements to law enforcement officers and also to suppress any additional evidence discovered in the search of his vehicle; (3) adequately advise him about the grounds for moving to suppress such evidence; (4) adequately advise him of the option to file a motion to suppress; and (5) adequately advise him about whether to accept the plea deal. He also claimed ineffective assistance of first and second habeas counsel for failing to argue trial counsel's ineffectiveness under the *Strickland-Hill* standard[5] for ineffective assistance of counsel.

On November 13, 2013, the respondent filed a motion for summary judgment, pursuant to Practice Book § 23-37,[6] in which he alleged both that the third amended petition was a successive petition and that the doctrines of res judicata and collateral estoppel barred the claims contained therein. Following a hearing on the motion, the habeas court, *Cobb, J.*, found that count one concerning trial counsel and count two concerning first habeas counsel constituted successive petitions and granted summary judgment against the petitioner on those counts. As to count three concerning second habeas counsel, however, the court denied the respondent's motion for summary judgment because no prior claims had been made against second habeas counsel, and, therefore, the count was not barred as successive or by res judicata.

On June 4, 2014, the court, *Fuger, J.*, rendered judgment denying the petition for a writ of habeas corpus. The court concluded that it could not grant relief to the petitioner on count three because judgment had been rendered against him on his claims that trial counsel and first habeas counsel were ineffective as alleged in counts one and two of his third petition, and the judgment rendered on counts one and two was binding on the court.

The petitioner filed a motion to open the judgment rendered by the court, *Fuger, J.* On July 21, 2014, the court granted the petitioner's motion to open the judgment and restored count three to the docket; however, the court also gave notice that a good cause determination would have to be made under General Statutes § 52-470 (b) (1)[7] before count three could proceed to trial, and it ordered the parties to submit arguments on the good cause issue. On July 29, 2014, the court, *Fuger, J.*, denied a motion to vacate the order requiring good cause submissions, finding § 52-470 (b) (1) to be applicable to the petitioner's operative petition. The respon-

dent filed a motion to dismiss pursuant to § 52-470 (b) (1) on August 19, 2014, arguing that good cause to proceed was not present because the factual basis for the claims asserted by the petitioner had already been raised before and determined by the prior habeas courts against him. The petitioner countered that there was good cause to proceed because the claims he asserted in his third petition had not been presented to a court. Specifically, he argued that first and second habeas counsel relied on the *Strickland* standard,[8] whereas the applicable law to be applied was the *Strickland-Hill* standard. After a hearing, the court found that the petitioner failed to make a showing of good cause to proceed to trial and, alternatively, that the claims set forth in the petition were successive or were barred by the doctrines of res judicata and collateral estoppel. Thereafter, the third habeas court granted certification to appeal, and this appeal followed.

Additional facts will be discussed where relevant to the issues raised by the petitioner.

I

The petitioner argues that the habeas court erred when it rendered summary judgment on counts one and two because they were successive. Our standard of review of a summary judgment is well established. "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Gonzalez* v. *O & G Industries, Inc.*, 322 Conn. 291, 301–302, 140 A.3d 950 (2016); see also Practice Book § 23-37.

A habeas petition is successive if it is based on the same grounds as those raised in a prior petition. *Zollo* v. *Commissioner of Correction*, 133 Conn. App. 266, 276, 35 A.3d 337, cert. granted on other grounds, 304 Conn. 910, 39 A.3d 1120 (2012) (appeal dismissed May 1, 2013). "Practice Book § 23-29 (3)[9] provides that a petition may be dismissed by the court if the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ." (Emphasis omitted; footnote added; internal quotation marks omitted.) Id., 278.

"[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Internal quotation marks omit-

ted.) *Wright* v. *Commissioner of Correction*, 147 Conn. App. 510, 515, 83 A.3d 1166, cert. denied, 311 Conn. 922, 86 A.3d 467 (2014). We have applied the same standard to successive habeas petitions challenged by motions for summary judgment instead of by motions to dismiss. *Tirado* v. *Commissioner of Correction*, 24 Conn. App. 152, 155–56, 586 A.2d 625 (1991).

"A 'ground' is a sufficient legal basis for granting the relief sought. . . . Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. . . . They raise, however, the same generic legal basis for the same relief." (Internal quotation marks omitted.) *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 141, 712 A.2d 947 (1998). "Put differently, two grounds are not identical if they seek different relief. . . . Simply put, an applicant must show that his application does, indeed, involve a different legal ground, not merely a verbal reformulation of the same ground." (Citation omitted; internal quotation marks omitted.) *Carter* v. C*ommissioner of Correction*, 133 Conn. App. 387, 393, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012).

We note that "[b]ecause both prongs [of *Strickland*] must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. . . . Accordingly, a court need not consider the prejudice prong if it determines that the petitioner has failed to meet the burden of proving deficient performance." (Citation omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 144 Conn. App. 365, 370, 73 A.3d 776, cert. denied, 310 Conn. 918, 76 A.3d 633 (2013).

In the first habeas action, the petitioner claimed ineffective assistance of trial counsel for failing to advise him of his option to plead guilty or to go to trial. See *Parker I*, supra, Superior Court, Docket No. CV-00-0439172-S. The first habeas court fully adjudicated that claim on the merits and resolved it against the petitioner. See id. In the second habeas action, the petitioner claimed ineffective assistance of trial counsel for failing to file a motion to suppress evidence of the petitioner's statements to law enforcement officers and to suppress evidence obtained in a search of his vehicle, for failing to file a motion to suppress, and for failing to advise him to go forward with that motion and, if unsuccessful, to enter a nolo contendere plea. See *Parker II*, supra, Superior Court, Docket No. CV-05-4000487-S. The petitioner also claimed ineffective assistance of first habeas counsel for failing to raise these claims to establish trial counsel's deficient performance. Id. The second habeas court fully adjudicated those claims on the merits and resolved them against the petitioner. Id. In the present habeas proceeding, the petitioner claims that his first habeas counsel was

ineffective for arguing his claims under the *Strickland* standard rather than under the *Strickland-Hill* standard because the standard for determining prejudice is different. Both standards, however, require the petitioner to prove that first habeas counsel's and trial counsel's performance was deficient. See *Hill* v. *Lockhart*, 474 U.S. 52, 58–59, 106 S. Ct. 366, 88 L. Ed. 203 (1985) (in proving ineffective assistance of counsel in plea negotiation process petitioner must demonstrate counsel's performance fell below an objective standard of reasonableness [deficiency] and but for counsel's errors petitioner would not have pleaded guilty but instead would have insisted on going to trial [prejudice]); and *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (in proving ineffective assistance of counsel at trial or in sentencing proceedings petitioner must demonstrate counsel's performance was deficient and counsel's deficient performance prejudiced his defense). The first habeas court and the second habeas court each determined that trial counsel's performance was not deficient. See *Parker I*, supra; *Parker II*, supra. Additionally, the second habeas court determined that first habeas counsel's performance was not deficient. See *Parker II*, supra.

The petitioner seeks to relitigate his claims as to trial counsel and first habeas counsel on the same legal grounds, and he seeks the same legal relief in his third amended petition in this case. He has failed to allege facts or claims that were unavailable to him at the time of his prior petitions. Additionally, allowing the petitioner to argue a different standard of prejudice in this proceeding would not change the result, as the issue of the deficiency of trial counsel's and first habeas counsel's performance has been resolved against him. *Johnson* v. *Commissioner of Correction*, supra, 144 Conn. App. 370.

Accordingly, having compared the petition in this case to the prior petitions and having determined that they raise the same grounds and seek the same relief, we conclude that the habeas court in this case properly rendered summary judgment on counts one and two because both counts are impermissible successive claims.

## II

The petitioner also claims that the habeas court, *Fuger*, *J.*, in the present case improperly dismissed count three of his third petition[10] under the doctrines of res judicata and collateral estoppel. In that count, the petitioner claims that his second habeas counsel's performance was deficient when he argued that the performance of both first habeas counsel and trial counsel was deficient because of their reliance on and use of the *Strickland* standard rather than the *Strickland-Hill* standard. The petitioner has not previously brought an ineffective assistance of counsel claim against his

second habeas counsel. Consequently, res judicata does not bar such a claim. See *Johnson* v. *Commissioner of Correction*, 168 Conn. App. 294, 310, A.3d (2016) (res judicata limited in habeas cases to claims actually raised and litigated in earlier proceeding). Nevertheless, the related doctrine of collateral estoppel precludes the petitioner from raising the issue of whether second habeas counsel was ineffective for failing to argue claims against first habeas counsel and trial counsel based on the *Strickland-Hill* standard. Accordingly, we affirm the dismissal of count three.

"The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . . [A] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Brewer* v. *Commissioner of Correction*, 162 Conn. App. 8, 13, 130 A.3d 882 (2015).

"The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel . . . is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . .

"An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . [C]ollateral estoppel [is] based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." (Citation omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 168 Conn. App. 310–11. "[A]lthough most defenses cannot be considered on a motion to dismiss,

a trial court can properly entertain a . . . motion to dismiss that raises collateral estoppel grounds." (Internal quotation marks omitted.) *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 223, 982 A.2d 1053 (2009).

In the present case, the claim involving second habeas counsel is barred by collateral estoppel because the judgment in the first habeas case brought against trial counsel and the judgment in the second habeas case brought against trial counsel and first habeas counsel necessarily resolved issues that would require relitigation if the claim involving second habeas counsel were to proceed. "To succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective. . . . Only if the petitioner succeeds in what . . . is a herculean task will he receive a new trial." (Internal quotation marks omitted.) *Kearney* v. *Commissioner of Correction*, 113 Conn. App. 223, 238–39, 965 A.2d 608 (2009).

Successive petitions for a writ of habeas corpus based on ineffective assistance of multiple counsel impose significant challenges on the petitioner. "[When] applied to a claim of ineffective assistance of prior habeas counsel, the *Strickland* standard requires the petitioner to demonstrate that his prior habeas counsel's performance was ineffective and that this ineffectiveness prejudiced the petitioner's prior habeas proceeding. . . . [T]he petitioner will have to prove that one or both of the prior habeas counsel, in presenting his claims, was ineffective and that effective representation by habeas counsel establishes a reasonable probability that the habeas court would have found that he was entitled to reversal of the conviction and a new trial . . . . Therefore . . . a petitioner claiming ineffective assistance of habeas counsel on the basis of ineffective assistance of [trial] counsel must essentially satisfy *Strickland* twice: he must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his [trial] counsel was ineffective." (Citations omitted; internal quotation marks omitted.) *Mukhtaar* v. *Commissioner of Correction*, 158 Conn. App. 431, 438–39, 119 A.3d 607 (2015). Accordingly, when a petitioner fails to prove after a habeas trial that trial counsel provided him ineffective assistance, that petitioner cannot as a matter of law prove prejudice resulting solely from the first and second habeas counsel's alleged failure to raise claims against trial counsel on the same grounds. See *Johnson* v. *Commissioner of Correction*, supra, 168 Conn. App. 300 (summarizing *Johnson* v. *Commissioner of Correction*, supra, 144 Conn. App. 365).

The petitioner argues that second habeas counsel was ineffective in failing to allege that first habeas counsel failed to argue that trial counsel was ineffective under the *Strickland-Hill* standard. Assuming, arguendo, that

this is true, the petitioner still must prove that trial counsel's performance was deficient, which he twice has failed to do, to succeed on his claim. Again, the difference between the *Strickland* standard and the *Strickland-Hill* standard is the prejudice prong. To establish that first and second habeas counsel were ineffective, the petitioner would be required to prove, as he pleaded, that trial counsel was ineffective for failing to (1) investigate the facts and circumstances of his statements to law enforcement and the search of his vehicle; (2) research legal and factual grounds for a motion to suppress his statements to law enforcement or any evidence discovered in the search of his vehicle; (3) adequately advise him about grounds for moving to suppress such evidence; (4) adequately advise him of the option to file a motion to suppress; and (5) adequately advise him about whether to accept the plea deal. The court, *Nazzaro, J.*, found in the second habeas case that (1) the petitioner was not in custody when he made incriminating statements, (2) he consented to the search of his vehicle, and (3) trial counsel was not ineffective for failing to file a motion to suppress the evidence obtained through the petitioner's statements and the search, or by not advising the petitioner to go forward with such a motion. Because the petitioner failed to prove any of these allegations, none of the habeas courts had to reach the issue of whether there was any prejudice to the petitioner under either standard.

We therefore conclude that the first and second habeas courts, inter alia, necessarily decided against the petitioner that trial counsel's performance was not deficient. The second habeas court's determination included the petitioner's statements to law enforcement officers, the search of his car, and the issues concerning the suppression of such evidence. Collateral estoppel precludes the petitioner from relitigating the same claims as part of his claim against second habeas counsel. Additionally, we also conclude that because the first habeas court necessarily decided the underlying issue of whether trial counsel adequately advised the petitioner of whether to plead guilty or to go to trial, collateral estoppel also precludes the petitioner from relitigating the same claims as part of his claim against second habeas counsel. With all of his claims against second habeas counsel in count three barred by collateral estoppel, the third habeas court did not err in granting the respondent's motion to dismiss that count.

The petitioner's claims against trial counsel and first habeas counsel are barred as successive, and the doctrine of collateral estoppel bars his claims against second habeas counsel. Accordingly, the third habeas court properly rendered summary judgment on counts one and two, and properly dismissed count three.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The habeas court granted the petitioner's claim for certification to appeal. See General Statutes § 52-470.

[2] The petitioner also appeals from the court's (*Fuger, J.*) order for good cause submissions by each party pursuant to General Statutes § 52-470 (b), and its finding that there was no good cause for count three. Because we affirm the dismissal of count three on the ground of collateral estoppel, we do not reach the merits of these arguments.

[3] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "A defendant who pleads guilty under the *Alford* doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Webb*, 62 Conn. App. 805, 807 n.1, 772 A.2d 690 (2001).

[4] Prior to filing the habeas petition at issue in this appeal, the petitioner made two other attacks on his conviction and sentence. He filed a motion to correct an illegal sentence, which was denied, and that denial was affirmed on appeal. See *State* v. *Parker*, 295 Conn. 825, 992 A.2d 1103 (2010). He also filed a habeas corpus petition in federal court, which alleged ineffective assistance of trial counsel for failing to file a motion to suppress and, if that motion were unsuccessful, failing to negotiate a plea of nolo contendere. *Parker* v. *Alves*, United States District Court, Docket No. 3:11CV745 (DJS) (D. Conn. June 6, 2013). The District Court denied his petition. Id.

[5] See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

[6] Practice Book § 23-37 provides: "At any time after the pleadings are closed, any party may move for summary judgment, which shall be rendered if the pleadings, affidavits and any other evidence submitted show that there is no genuine issue of material fact between the parties requiring a trial and the moving party is entitled to judgment as a matter of law."

[7] General Statutes § 52-470 (b) (1) provides: "After the close of all pleadings in a habeas corpus proceeding, the court, upon the motion of any party or, on its own motion upon notice to the parties, shall determine whether there is good cause for trial for all or part of the petition."

[8] *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[9] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ."

[10] At this point in the procedural history, the only count remaining and before the court was count three.