LUIS ANGEL LEBRON *v.* COMMISSIONER OF
CORRECTION
(AC 28029)

Flynn, C. J., and McLachlan and West, Js.

Argued March 10—officially released June 3, 2008

*Paul R. Kraus*, special public defender, for the appellant (petitioner).

*Raheem L. Mullins*, deputy assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Paul N. Rotiroti*, assistant state's attorney, for the appellee (respondent).

*Opinion*

WEST, J. The petitioner, Luis Angel Lebron, appeals following the denial of his first amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly denied his two post-judgment motions without conducting a hearing to inquire into the merits of his claims. We affirm the judgment of the habeas court.

The following factual and procedural history is relevant to our disposition of the petitioner's appeal. On May 13, 1999, pursuant to a plea agreement, and after being properly canvassed, the petitioner pleaded guilty pursuant to *North Carolina* v. *Alford*, 400 U.S. 25, 91

S. Ct. 160, 27 L. Ed. 2d 162 (1970),[1] to manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a and conspiracy to tamper with a witness in violation of General Statutes §§ 53a-151 and 53a-48. On August 12, 1999, the trial court sentenced the petitioner to thirty years imprisonment. On June 22, 2000, the petitioner filed a pro se petition for a writ of habeas corpus. Subsequently, on September 10, 2002, the petitioner's habeas counsel filed an amended petition for a writ of habeas corpus. The petition alleged three claims of ineffective assistance of trial counsel. The petitioner alleged that trial counsel failed (1) to pursue discovery and to communicate with him concerning it, (2) to challenge the petitioner's arrest and the search of the area in which he was arrested, as well as the arrest warrant itself, and (3) to communicate with him regarding legal standards and evidentiary standards so that the petitioner could make a knowing and voluntary decision as to whether to proceed to trial or plead guilty. On February 20, 2003, the habeas court issued a memorandum of decision denying the amended habeas petition. The petitioner's habeas counsel failed to file a timely petition for certification to appeal from the court's decision.

On February 26, 2003, the petitioner filed a pro se petition for certification to appeal from the court's decision, and the court denied that petition on February 28, 2003. Next, on June 12, 2003, the petitioner filed a pro se letter with the court, which the court construed

---

[1] "Under *North Carolina* v. *Alford*, [supra], 400 U.S. 25 . . . a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *State* v. *Fowlkes*, 283 Conn. 735, 736 n.1, 930 A.2d 644 (2007).

as a motion for reconsideration of its judgment. Additionally, on July 14, 2003, the petitioner filed a pro se motion for rehearing of the court's denial of his amended habeas petition. On July 18, 2003, the court denied both without a hearing. On September 29, 2003, the petitioner filed with this court a motion for permission to file a late appeal, which this court denied on November 6, 2003.

On July 18, 2006, the petitioner's current counsel filed a second petition for a writ of habeas corpus, alleging ineffective assistance of both trial counsel and prior habeas counsel. Also, on July 18, 2006, the petitioner and the habeas trial prosecutor entered into an agreement to restore the petitioner's appellate rights in the first habeas action.[2] The court rendered a stipulated judgment pursuant to the agreement. As a result, the petitioner filed a second petition for certification to appeal from the judgment in the first habeas action.[3] On August 24, 2006, the court granted this second petition for certification to appeal from the judgment, and this appeal followed on September 8, 2006. The petitioner's attorney filed an appeal form on which he stated that the petitioner was appealing from the denial of the petition for a writ of habeas corpus.

After oral arguments, this court ordered the parties, on March 28, 2008, to submit supplemental briefs on the issue of "whether the claim that the habeas court denied the petitioner's postjudgment motions without

[2] The agreement stated: "IT IS FURTHER STIPULATED AND AGREED that [the petitioner's] right [to] petition the [habeas] court for certification to appeal the [d]ismissal [of his first amended petition for a writ of habeas corpus] be and hereby is restored to him . . . ."

[3] At the time the parties entered into the stipulated judgment, it appears that they were under the assumption that a timely petition for certification to appeal had not been filed after the court denied the petitioner's first habeas petition. The record demonstrates, however, that the petitioner had filed a timely petition for certification to appeal six days after the court issued its memorandum of decision denying his habeas petition.

a hearing is properly before this court, as it appears to fall outside the scope of the stipulated judgment to which the petitioner agreed." The respondent, the commissioner of correction, argued that the denial of the two postjudgment motions was outside the scope of the stipulated judgment and therefore not properly before the court. In contrast, the petitioner argued that the issue of the denial of the two postjudgment motions properly was before this court because it was the intention of the parties to the stipulation to include any issues on appeal that could have been raised as of the time of entry of the stipulation.

The petitioner's only claim in this appeal is that the habeas court improperly denied his two postjudgment motions without conducting a hearing to inquire into the merits of his claims. We decline to review this claim, as it falls outside the scope of the stipulated judgment to which the petitioner agreed. Indeed, the stipulated judgment provided that the petitioner's rights were restored with respect to his right to petition the court for certification *to appeal from the habeas court's denial of his amended petition for a writ of habeas corpus.* The pro se motions for reconsideration and for a rehearing were filed three and one-half months and four and one-half months, respectively, after the court rendered judgment denying the petitioner's amended petition for a writ of habeas corpus. Therefore, the pro se, postjudgment motions were not raised in the petitioner's amended petition for a writ of habeas corpus.[4] As such,

---

[1] See *Brown* v. *Commissioner of Correction,* 104 Conn. App. 144, 149, 931 A.2d 963 ("We are not bound to consider an issue unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim. . . . The issue . . . was never raised before the habeas court, and it was not discussed in its memorandum of decision. We therefore decline to review the petitioner's claim . . . because [t]o review the petitioner's [claim] now would amount to an ambuscade of the [habeas court]." [Internal quotation marks omitted.]), cert. denied, 284 Conn. 937, 937 A.2d 693 (2007).

the challenge to the denial of those motions does not fall within the scope of the rights restored to the petitioner in the stipulated judgment, and, consequently, we decline to review the petitioner's claim.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] It also should be noted that the petitioner filed a motion for permission to file a late motion for articulation of the habeas court's denial of his two postjudgment motions, which this court denied on the ground that the two postjudgment motions were not raised at the habeas trial.