******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# LUIS LEBRON *v.* COMMISSIONER
## OF CORRECTION
### (AC 39286)

Keller, Prescott and Kahn, Js.*

*Syllabus*

The petitioner, who previously had been convicted, on a guilty plea, of the crimes of manslaughter in the first degree with a firearm and conspiracy to tamper with a witness, and had filed two petitions for a writ of habeas corpus, filed a third petition for a writ of habeas corpus, claiming, inter alia, that he had received ineffective assistance from S and C, his trial counsel, as well as D and K, his counsel in his first and second habeas matters, respectively. Prior to the petitioner's plea, S was granted permission to withdraw on the ground that he could be called as a witness at trial. The petitioner indicated to the court that he waived any conflict, and wanted to proceed to trial and was prepared to represent himself, which the court did not allow. The petitioner thereafter was charged with additional crimes in a separate docket, and C was appointed to represent him on all of the charges, after which the petitioner entered his plea. In the first habeas action, the petitioner alleged that S and C had rendered ineffective assistance. The habeas court denied the petition, and D failed to file a timely petition for certification to appeal. In the second habeas action, in which the petitioner alleged that S, C and D had provided ineffective assistance, the habeas court rendered judgment restoring the petitioner's appellate rights with respect to the issues raised in the first habeas petition. The petitioner thereafter appealed from the denial of his first habeas petition, but did not raise the merits of his claims in that first petition against S and C. This court affirmed the judgment of the first habeas court. After the petitioner filed his third habeas petition, which included six counts, the habeas court issued notice to the parties that it would consider whether there was good cause for trial on any of the counts that the petitioner had raised in his petition. The court invited the parties to submit briefs and exhibits as to whether the petitioner's guilty plea operated as a waiver of his right to pursue the first four counts of his habeas petition. The habeas court concluded that there was no good cause for trial as to any count of the petition and rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. He claimed, inter alia, that the habeas court improperly relied in part on an affirmative defense that the respondent, the Commissioner of Correction, had not pleaded in his return in concluding that the petitioner had waived certain counts by entering a guilty plea in the criminal proceedings. *Held*:

1. The habeas court properly dismissed the first three counts of the habeas petition for lack of good cause to proceed to trial, that court having determined that the claims raised in those counts were waived as a result of the petitioner's guilty plea: the claims in counts one and two regarding the decisions of the criminal trial court to grant S's motion to withdraw as counsel and to prohibit the petitioner from representing himself involved actions that occurred prior to when the petitioner decided to enter the guilty plea at a time when he was represented by C, the petitioner never sought to withdraw his plea, nor did he challenge the voluntariness of the plea or any aspect of the criminal court's subject matter jurisdiction, and the petitioner did not direct this court to any evidence submitted to the habeas court that, if presented at trial, would overcome the respondent's affirmative defense of waiver; furthermore, the claims in count three of the petition, which focused on the alleged ineffective assistance of S, also related to matters that occurred prior to the petitioner's decision to enter a guilty plea, the petitioner failed to establish a sufficient interrelationship between the claims he directed at S and his decision to plead guilty, and the assertion that the petitioner would have proceeded to trial and would not have pleaded guilty if S had been allowed to continue as counsel was nothing more than speculation.

2. The petitioner could not prevail on his claim that the habeas court improp-

erly dismissed the fourth count of the habeas petition on the basis of the same waiver theory that it employed to dismiss counts one through three when that theory had not been asserted by the respondent as a special defense to count four; the habeas court, which never mentioned that its decision was premised on waiver that resulted from the petitioner's having pleaded guilty, dismissed count four on the ground that it was a successive petition, as the claim raised therein concerning the ineffective assistance of C was based on the same ground raised in the petitioner's first habeas petition that was denied, and the petitioner advanced no arguments as to why this court should overturn the habeas court's determination that count four amounted to an improper successive petition.

3. The habeas court improperly determined, in part, that there was no good cause to allow the fifth and sixth counts to proceed to trial, as the court's conclusion that none of the petitioner's claims had a direct relationship to the validity of the plea itself was improper with respect to certain allegations against C: although that court properly dismissed those portions of counts five and six that were premised on the alleged ineffective assistance of D and K with respect to the claims that were asserted in counts one through three of the habeas petition, which had been waived by the petitioner's guilty plea, that analysis did not apply to the ineffective assistance claim against C in count four, which related in part to the voluntariness of the petitioner's guilty plea, as the issues of whether D was ineffective in handling the claims against C and whether K provided ineffective assistance with respect to the allegations in count five against D were never raised or litigated fully in a previous action, the respondent failed to raise any defenses to those counts in his return, and the habeas court's rationale for dismissing counts five and six in their entirety lacked support in the record, which supported a conclusion that at least a portion of the petition had a sufficient basis in both fact and law to proceed to a trial.

Argued September 8—officially released November 28, 2017

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Sferrazza, J.*, following a preliminary hearing, dismissed the petition and rendered judgment thereon, from which the petitioner, on the granting of certification, appealed to this court. *Reversed in part; further proceedings*.

*Vishal K. Garg*, assigned counsel, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Randall S. Bowers*, former deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PRESCOTT, J. The petitioner, Luis Lebron, appeals from the judgment of the habeas court dismissing his third petition for a writ of habeas corpus pursuant to General Statutes § 52-470 (b).[1] The petitioner claims on appeal that, in reaching its determination that no good cause existed to proceed to trial, the habeas court improperly concluded that he had waived many of his claims by entering a guilty plea in the underlying criminal action and relied in part on an affirmative defense that was not pleaded by the respondent, the Commissioner of Correction, in his return. We conclude that the habeas court properly dismissed counts one through four of the petition, but improperly dismissed the entirety of counts five and six. Accordingly, we affirm in part and reverse in part the judgment of the habeas court.

The relevant facts and procedural history underlying this appeal are set forth in the habeas court's memorandum of decision as well as in this court's decision resolving the petitioner's previous habeas appeal. See *Lebron* v. *Commissioner of Correction*, 108 Conn. App. 245, 947 A.2d 349, cert. denied, 289 Conn. 921, 958 A.2d 151 (2008). The petitioner initially was arrested in May, 1997, and charged with one count each of murder in violation of General Statutes § 53a-54a (a) and criminal use of a firearm in violation of General Statutes § 53a-216.[2] The petitioner was appointed a public defender, Attorney Kenneth Simon. Simon represented the petitioner through the start of jury selection, which began in January, 1999. At about that time, Simon filed a motion for permission to withdraw his appearance on the ground that he could be called as a witness at trial for the petitioner.[3] The court granted the motion.

At that time, the court discussed with the petitioner how the matter should proceed in light of defense counsel's withdrawal on the eve of trial. The petitioner indicated to the court that he had not asked counsel to withdraw and had waived any conflict, and that he wanted to proceed with the trial. He also informed the court that he was prepared to represent himself. The trial court did not agree to allow the petitioner to proceed to trial as a self-represented party at that time. Instead, the court declared a mistrial and continued the matter so that new counsel could be appointed for the petitioner. At that hearing, the prosecutor also indicated to the court that the petitioner would soon be arrested on additional charges.

Shortly thereafter, the petitioner was arrested under a separate docket on charges of two counts of conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a, and two counts of conspiracy to commit witness tampering in violation of General Statutes §§ 53a-48 and 53a-151. The court ordered that

the cases be heard together, and the two cases were continued to February 26, 1999.

At the February 26, 1999 hearing, the petitioner was appointed a new criminal defense attorney, Thomas M. Conroy, to handle both of his files. Conroy was granted a further continuance.

In May, 1999, the petitioner, pursuant to a plea agreement that resolved all of the 1997 and 1999 charges, pleaded guilty under the *Alford* doctrine[4] to one count of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a, and one count of conspiracy to tamper with a witness in violation of §§ 53a-151 and 53a-48. The court canvassed the petitioner and found that there was a factual basis for the plea and that it was knowingly and voluntarily made. The trial court later sentenced the petitioner, consistent with the plea agreement, to a term of thirty years of incarceration on the manslaughter charge and to an unconditional discharge on the conspiracy charge. The state entered a nolle prosequi as to all of the other charges against the petitioner.

The petitioner filed his first action seeking a writ of habeas corpus in June, 2000. The petitioner was appointed habeas counsel, Attorney Sebastian DeSantis, who later filed an amended habeas petition. The amended petition alleged three claims of ineffective assistance directed at Simon and Conroy. Specifically, the "petitioner alleged that trial counsel failed (1) to pursue discovery and to communicate with him concerning it, (2) to challenge the petitioner's arrest and the search of the area in which he was arrested, as well as the arrest warrant itself, and (3) to communicate with him regarding legal standards and evidentiary standards so that the petitioner could make a knowing and voluntary decision as to whether to proceed to trial or plead guilty." Id., 247. The habeas court issued a decision on February 20, 2003, denying the amended habeas petition. Id. DeSantis failed to file a timely petition for certification to appeal from that decision. Id.

On February 26, 2003, the petitioner filed a pro se petition for certification to appeal, which the habeas court denied. Id. The petitioner, however, did not file an appeal from that denial within twenty days.

In June, 2003, the petitioner filed a letter with the habeas court, which the court treated as a motion for reconsideration of the habeas petition. Id., 247–48. Soon thereafter, the petitioner also filed a pro se motion for rehearing of his habeas petition. Id., 248. The court denied both of the petitioner's postjudgment motions without a hearing. Id. The petitioner filed a motion with this court on September 29, 2003, in which he sought permission to file a late appeal. Id. This court denied the motion on November 6, 2003. Id.

Nearly three years later, on July 18, 2006, the peti-

tioner filed a new petition for a writ of habeas corpus alleging again the ineffective assistance of Simon and Conroy, but adding an allegation regarding the ineffective assistance of his first habeas counsel, DeSantis. Id. The petitioner was represented in this second habeas action by Attorney Paul Kraus. The court resolved this second petition by agreeing to render a stipulated judgment that restored the petitioner's appellate rights with respect to the issues raised in the first habeas petition.[5] Id. Thereafter, the petitioner filed a new petition for certification to appeal from the judgment rendered in the first habeas action. Id. The court granted this second petition for certification to appeal, and the petitioner filed an appeal on September 8, 2006. Id.

The only issue raised in that first appeal, however, was whether the habeas court properly had denied without a hearing the petitioner's postjudgment motions for reconsideration and reargument. Id., 249. The petitioner did not raise the merits of the claims in the habeas petition against Simon and Conroy. Following oral argument, this court ordered the parties to submit supplemental briefs addressing whether the issues the petitioner had raised on appeal fell outside the scope of the stipulated judgment restoring the petitioner's appellate rights, which was limited to issues raised in the first habeas petition. Id., 248–49. Ultimately, this court declined to review the claims raised by the petitioner because they fell outside the scope of the stipulated judgment to which the petitioner had agreed. Id., 249. We affirmed the judgment of the habeas court denying the first petition; id., 250; and our Supreme Court denied a petition for certification to appeal from our decision. *Lebron* v. *Commissioner of Correction*, 289 Conn. 921, 958 A.2d 151 (2008).

The petitioner commenced the present habeas action, his third, in August, 2013. The operative amended petition for a writ of habeas corpus was filed by appointed counsel on January 8, 2016. The petition contains six counts. Counts one and two consist of freestanding constitutional claims directly challenging his underlying conviction. Specifically, count one claims that the criminal trial court, *Gaffney, J.*, violated the petitioner's right to counsel of choice by permitting Simon to withdraw prior to the start of trial despite the petitioner's willingness to waive any potential conflict of interest. See *State* v. *Peeler*, 265 Conn. 460, 470–76, 828 A.2d 1216 (2003), cert. denied, 541 U.S. 1029, 124 S. Ct. 2094, 158 L. Ed. 2d 710 (2004). Count two claims that Judge Gaffney violated the petitioner's right to self-representation by refusing what the petitioner claims was a clear and unequivocal request to represent himself at trial. See *State* v. *Flanagan*, 293 Conn. 406, 421–25, 978 A.2d 64 (2009). The remaining counts allege the ineffective assistance of trial and habeas counsel. In particular, count three alleges ineffective assistance by Simon relative to his having withdrawn as trial counsel.[6] Count

four alleges ineffective assistance by Conroy, raising many of the same allegations of deficient performance that were raised in the first habeas petition but effectively abandoned in the previous appeal. Count five claims ineffective assistance by the petitioner's first habeas counsel, DeSantis, for failing to "discover, investigate and raise" the claims set forth in counts one, two and three, and failing to "adequately plead, prove and argue" the claims raised in count four. Count six claims ineffective assistance by the petitioner's second habeas counsel, Kraus, for failing to "discover, investigate and raise" the claims set forth in counts one through four, and failing to "adequately plead, prove and argue" the claims raised in count five.

The respondent filed his return on February 29, 2016, in which he raised affirmative defenses as to counts one through four. With respect to counts one and two, the respondent alleged procedural default and waiver resulting from the petitioner's having entered a guilty plea. With respect to count three, the respondent raised the defenses of improper successive petition; see Practice Book § 23-29 (3); and waiver on the basis of the petitioner's guilty plea. The respondent also alleged the defense of improper successive petition with respect to count four. No defenses were pleaded with respect to counts five and six.

On March 7, 2016, the petitioner filed a reply to the return denying the allegations raised in the respondent's affirmative defenses. A certificate of closed pleadings was filed the same day.

The habeas court issued a notice and order on March 30, 2016, indicating that the court would consider whether there was good cause for trial on any of the counts raised in the petition, and inviting the parties to submit briefs and exhibits pursuant to § 52-470 (b) (2) by April 13, 2016. The court also issued the following order: "In light of the entry of guilty pleas by the petitioner, submitted exhibits must address whether the petitioner's guilty pleas operate as a waiver of the petitioner's right to pursue the claims in counts one through four of the amended petition. . . . Should there be no cause for trial as to counts one through four, then counts five and six, which are derivative of and depend on the first four counts, also cannot have good cause for trial." (Citations omitted.) Both parties filed submissions.

On April 26, 2016, the habeas court issued a memorandum of decision, concluding on the basis of the petition and the parties' submissions, that there was no good cause for trial as to any count of the petition. The court scheduled a hearing for May 4, 2016, to hear arguments in accordance with § 52-470 (b) (3). Following argument, on May 5, 2016, the habeas court rendered a judgment of dismissal of the entire petition, stating: "After consideration of the arguments and materials

submitted at a hearing conducted by the court pursuant to General Statutes § 52-470 (b) (3), the court finds there is no good cause for a habeas trial in this case. Based on the reasoning the court elucidated in a memorandum of decision, dated April 26, 2016, the habeas corpus claims of the amended petition are dismissed, and that memorandum becomes the decision of this court in full."

On May 13, 2016, the petitioner filed a petition for certification to appeal, which the habeas court granted on May 18, 2016.[7] This appeal followed.

The petitioner claims on appeal that the habeas court improperly dismissed the entirety of his petition pursuant to § 52-470 (b). According to the petitioner, in dismissing his petition for lack of good cause to proceed to trial, the court improperly relied in part on an affirmative defense that was not pleaded by the respondent in his return and concluded that the petitioner had waived certain counts by entering a guilty plea in the underlying criminal proceedings. The respondent argues that the habeas court properly determined that (1) the petitioner's guilty plea operated as a waiver of counts one, two, and three; (2) count four was barred as a successive claim pursuant to Practice Book § 23-29; and (3) counts five and six, which alleged ineffective assistance by the petitioner's prior habeas counsel in failing to "discover, investigate and raise" the claims set forth in counts one through four, were derivative of those counts and subject to dismissal on the same grounds. We agree with the respondent regarding the habeas court's ruling on the first four counts, but disagree that the habeas court properly found a lack of good cause with respect to the entirety of counts five and six.[8]

We begin our discussion by setting forth certain governing principles of law as well as our standard of review. Subsection (b) of § 52-470, which was revised in 2012 as part of comprehensive habeas reform, authorizes the habeas court to render a summary dismissal without a trial of all or part of a habeas petition if the court determines, either on motion by a party or sua sponte, that there is no "good cause" for trial. General Statutes § 52-470 (b) (1). In amending § 52-470, the legislature "intended to supplement that statute's efficacy in averting frivolous habeas petitions and appeals." *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 567, 153 A.3d 1233 (2017). The procedures that the court and the parties must follow before a dismissal for lack of good cause may be rendered are set forth in the remaining subdivisions of the statute.

Subdivision (2) of subsection (b) provides: "With respect to the determination of such good cause, each party may submit exhibits including, but not limited to, documentary evidence, affidavits and unsworn statements. Upon the motion of any party and a finding by the court that such party would be prejudiced by the

disclosure of the exhibits at that stage of the proceedings, the court may consider some or all of the exhibits in camera." General Statutes § 52-470 (b) (2).

Subdivision (3) of subsection (b) provides: "In order to establish such good cause, the petition and exhibits must (A) allege the existence of specific facts which, if proven, would entitle the petitioner to relief under applicable law, and (B) provide a factual basis upon which the court can conclude that evidence in support of the alleged facts exists and will be presented at trial, provided the court makes no finding that such evidence is contradicted by judicially noticeable facts. If the petition and exhibits do not establish such good cause, the court shall hold a preliminary hearing to determine whether such good cause exists. If, after considering any evidence or argument by the parties at such preliminary hearing, the court finds there is not good cause for trial, the court shall dismiss all or part of the petition, as applicable." General Statutes § 52-470 (b) (3).

In effect, the statute places the burden on a habeas petitioner who wants to avoid dismissal pursuant to § 52-470 (b) to (1) state some legally cognizable claim in the petition for a writ of habeas corpus itself, including the allegation of specific facts that, if proven, would entitle the petitioner to relief on such claim; and (2) to submit documentary exhibits sufficient to demonstrate that some evidence in support of those alleged specific facts actually exists and will be presented at trial. As Judge Sferrazza indicated at the show cause hearing in the present case, a habeas court may dismiss the petition in whole or in part if it determines on the basis of the parties' submissions that "there is no good cause either in law or there's no factual basis for any claim."

In *Parker* v. *Commissioner of Correction*, 169 Conn. App. 300, 149 A.3d 174, cert. denied, 324 Conn. 903, 151 A.3d 1289 (2016), we set forth the following general standard for reviewing a habeas court's dismissal of a portion of a petition pursuant to § 52-470 (b): "The conclusions reached by the [habeas] court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . . [A] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Id., 312–13. We turn now to the claims raised on appeal.

# I

We first address the petitioner's claim that the court improperly dismissed counts one, two and three of the operative petition on the ground that his guilty plea in the underlying criminal action acted as a waiver of the claims contained in those counts. According to the petitioner, there was a sufficient factual nexus between the claims in those counts and his guilty plea to overcome such a waiver. We are not persuaded.

"It is well established that an unconditional plea of guilty, made intelligently and voluntarily, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. *Tollett* v. *Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). In general, the only allowable challenges after a plea are those relating either to the voluntary and intelligent nature of the plea or the exercise of the trial court's jurisdiction." *State* v. *Johnson*, 253 Conn. 1, 80, 751 A.2d 298 (2000); see also *State* v. *Niblack*, 220 Conn. 270, 276–77, 596 A.2d 407 (1991). Furthermore, a trial court has no duty to canvass a defendant to determine whether he or she understands every possible indirect or collateral consequence of a guilty plea. *State* v. *Gilnite*, 202 Conn. 369, 383, 521 A.2d 547 (1987).

Here, counts one and two of the habeas petition raise freestanding constitutional claims regarding the criminal trial court's decisions to grant Simon's motion to withdraw as counsel and to prohibit the petitioner from representing himself at trial. Both of those actions occurred prior to the petitioner's decision to enter a guilty plea in accordance with a plea agreement with the state at the time he was represented by Conroy. The petitioner never sought to withdraw his plea, and the claims themselves do not directly challenge the voluntariness of his plea. Further, the petitioner's claims do not challenge any aspect of the criminal court's subject matter jurisdiction. Accordingly, the constitutional challenges raised in counts one and two were waived when the petitioner entered his guilty plea. The petitioner has not directed our attention to any evidence submitted to the habeas court that, if presented at trial, would overcome the respondent's affirmative defense of waiver. Because the petitioner could not prevail on his claims at a habeas trial as a result of that waiver, the court properly dismissed counts one and two of the petition for lack of good cause to proceed to trial.

With respect to count three of the petition, the claims in that count focus on the alleged ineffective assistance provided by Simon. See footnote 6 of this opinion. Generally, the petitioner alleges that Simon provided ineffective assistance by failing fully to advise the petitioner of various legal rights related to both Simon's motion

to withdraw from representation and the petitioner's rights to proceed as a self-represented party. Like the petitioner's related freestanding constitutional claims, however, the claims of ineffective representation by Simon all relate to matters that occurred prior to the petitioner's independent decision to enter a guilty plea, at which time he was represented by Conroy. The petitioner has failed to establish a sufficient interrelationship between his claims directed at Simon's representation and his decision to plead guilty. Rather, the petitioner baldly asserts that he would have proceeded to trial and not pleaded guilty if Simon had been allowed to continue as counsel. That assertion, however, is really nothing more than pure speculation. The guilty plea that he eventually entered resolved not only the charges he faced at the time of Simon's withdrawal, but also the additional 1999 charges that he was arrested on soon thereafter. There is no evidence in this record to support the notion that Simon would have continued to counsel the petitioner to proceed with the trial in the face of the additional 1999 charges or to suggest that the state would have offered, and the petitioner accepted, the same plea agreement whether he had been represented by Simon or was self-represented. Accordingly, we conclude that the court properly determined that the claims raised in count three, like those in counts one and two, were waived by the petitioner's guilty plea as a matter of law and properly dismissed for lack of "good cause."

## II

We next consider the petitioner's claim that the habeas court improperly dismissed count four of the petition on the basis of the same waiver theory it employed to dismiss counts one through three, which theory, according to the petitioner, was not asserted by the respondent in his return as a special defense to count four. More particularly, the petitioner argues that even if the claims in counts one, two, and three were waived by the entry of his guilty plea, he "should be permitted to litigate the claim of whether [Conroy] was ineffective for failing to properly advise [him] about the strength of an appeal and the waiver that would occur by pleading guilty, as described in [count] four of [his] amended petition for a writ of habeas corpus." The respondent counters that the petitioner has misconstrued the basis for the habeas court's decision regarding count four. The respondent asserts that the habeas court dismissed count four not because it was waived by his guilty plea, but because it "was barred by the principles of res judicata, embodied in Practice Book § 23-29 [(3)], which bars successive petitions." The respondent claims that this defense was expressly pleaded in his return. We agree with the respondent.

The following facts are relevant to our discussion. The amended habeas petition filed in the petitioner's

first habeas action was submitted as an exhibit by the petitioner in the present case. In that petition, the petitioner asserted, albeit in a single count, that he had received ineffective assistance from both Simon and Conroy. The specifications of deficient performance were directed at "the petitioner's attorneys," and allege that they had failed (1) "to pursue discovery to obtain and/or communicate with the petitioner regarding the evidence against [him] such as police reports, witness statements and warrants," (2) "to challenge [his] arrest and the search of the area in which he was arrested and [his] arrest warrant," (3) "to communicate with [him] regarding legal standards and evidentiary standards so [he] could make a knowing and voluntary decision of whether to proceed to trial or to plead guilty," and (4) "to ensure the petitioner's plea was knowing, intelligent, and voluntary." Because Simon did not represent the petitioner at the time of the plea offer and the decision to plead guilty, it is clear that the third and fourth specifications of deficient performance related to Conroy.

The fourth count of the petitioner's amended petition in the present action again alleges that Conroy failed, in a variety of ways, to provide the effective assistance of counsel, which is protected under our state and federal constitutions. Specifically, the current petition alleges that Conroy's performance was deficient because he failed adequately to investigate aspects of the case and a potential claim of self-defense, to advise the petitioner about the strength of the state's case, to advise him regarding the consequences of his guilty plea, including the potential for waiver, and to advise the petitioner of his right to seek review of the court's rulings granting Simon's motion to withdraw and denying his request to represent himself. The petitioner acknowledges that he previously raised the same claim in his first habeas action, but alleges that he "did not have a full and fair opportunity to present this claim" in that action.

In addition to generally denying the factual allegations underlying count four, the respondent asserted by way of affirmative defense that the claims raised were improperly successive in nature and, therefore, subject to dismissal pursuant to Practice Book § 23-29 (3). The respondent further asserted that the allegations made in count four present the same ground raised in a prior petition that was previously denied, the petitioner has failed to state any new facts or proffer new evidence not reasonably available at the time he filed the prior petition, and the petitioner received a full and fair opportunity to litigate his claim in the prior habeas action.

"Our courts have repeatedly applied the doctrine of res judicata to claims duplicated in successive habeas petitions filed by the same petitioner. . . . In fact, the

ability to dismiss a petition [if] it presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition is memorialized in Practice Book § 23-29 (3)." (Citations omitted; internal quotation marks omitted.) *Diaz* v. *Commissioner of Correction*, 125 Conn. App. 57, 64–65, 6 A.3d 213 (2010), cert. denied, 299 Conn. 926, 11 A.3d 150 (2011). Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

In analyzing whether a petition is based on the "same ground" and, thus, subject to dismissal pursuant to Practice Book § 23-29 (3), our Supreme Court has explained that a "ground is a sufficient legal basis for granting the relief sought. . . . Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. . . . They raise, however, the same generic legal basis for the same relief. Put differently, two grounds are not identical if they seek different relief." (Citations omitted; internal quotation marks omitted.) *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 141, 712 A.2d 947 (1998). A claim of ineffective assistance of counsel during trial proceedings constitutes the "same ground" for purposes of § 23-29 (3), despite changes in the precise underlying specifications of deficient performance, unless such new specifications are based on facts or evidence not reasonably available when the ground was raised in the earlier petition.

In its memorandum of decision in the present case, the court clearly disposed of count four on the basis that the ground raised therein—the ineffective assistance of Conroy—is successive in nature because the same ground was raised in the petitioner's first habeas action. Because the petitioner would be unable to demonstrate that he would be entitled to habeas corpus relief, the court concluded that no good cause existed for a trial on that count. In disposing of count four on this basis, the court never mentioned that its decision was premised on waiver resulting from the petitioner's having pleaded guilty, nor would that have been a proper basis for dismissing count four because it challenged whether counsel provided constitutionally adequate advice regarding the decision to plead guilty. Furthermore, the court rejected the petitioner's assertion that he did not have a full and fair opportunity to present his claim in the first habeas matter because it lacked any degree of specificity on which to evaluate it.

The petitioner advanced no arguments in his principal brief on appeal to this court as to why we should overturn the habeas court's determination that count four amounted to an improper successive petition. Because the court's ruling is legally and logically correct and supported by the record, we reject the petitioner's claim of error with respect to count four and conclude that the habeas court properly dismissed that count for failure to establish good cause to proceed to trial.

### III

Finally, we turn to the petitioner's claims that the court improperly dismissed counts five and six of the petition, which, respectively, alleged the ineffective assistance of former habeas counsel DeSantis and Kraus. For the reasons that follow, and on the basis of the record before the habeas court, we conclude that the court improperly determined, at least in part, that there was no good cause to allow those counts to proceed to trial.

Our Supreme Court, in *Lozada* v. *Warden*, 223 Conn. 834, 843, 613 A.2d 818 (1992), established that habeas corpus is an appropriate remedy for the ineffective assistance of appointed habeas counsel, authorizing "what is commonly known as a 'habeas on a habeas,' namely, a second petition for a writ of habeas corpus . . . challenging the performance of counsel in litigating an initial petition for a writ of habeas corpus . . . [that] had claimed ineffective assistance of counsel at the petitioner's underlying criminal trial or on direct appeal." *Kaddah* v. *Commissioner of Correction*, supra, 324 Conn. 550; see id., 563–70 (extending *Lozada*'s holding to encompass third habeas petition challenging performance of second habeas counsel). Nevertheless, the court in *Lozada* also emphasized that a petitioner asserting a habeas on a habeas faces the "herculean task"; *Lozada* v. *Warden*, supra, 843; of proving in accordance with *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), both "(1) that his appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective." *Lozada* v. *Warden*, supra, 842. Any new habeas trial "would go to the heart of the underlying conviction to no lesser extent than if it were a challenge predicated on ineffective assistance of trial or appellate counsel. The second habeas petition is inextricably interwoven with the merits of the original judgment by challenging the very fabric of the conviction that led to the confinement." Id., 843.

Simply put, a petitioner cannot succeed as a matter of law—and, thus, cannot show good cause to proceed to trial—on a claim that his habeas counsel was ineffective by failing to raise a claim against trial counsel or prior habeas counsel in a prior habeas action unless the petitioner ultimately will be able to demonstrate

that the claim against trial or prior habeas counsel would have had a reasonable probability of success if raised. We agree with the habeas court that this principle is fatal to those portions of counts five and six of the petition that allege that former habeas counsel provided ineffective assistance by failing to raise or pursue the claims he alleges in counts one through three of the current petition. As we concluded in part I of this opinion, the habeas court properly dismissed counts one through three, correctly determining that the freestanding constitutional claims and the claims of ineffective assistance by Simon were waived as a matter of law by the petitioner's guilty plea. Thus, even if either habeas counsel performed deficiently in raising and prosecuting those underlying claims, any claim of ineffective assistance necessarily would fail because the petitioner would be unable to demonstrate that he was entitled to relief on the underlying claims. The court, therefore properly dismissed those portions of counts five and six that were premised on habeas counsels' alleged ineffective assistance with respect to claims asserted in counts one through three of the current habeas petition.

That same analysis, however, does not apply equally to the ineffective assistance of counsel claim directed at Conroy in count four, which relates in part to the voluntariness of the petitioner's guilty plea. As discussed in part II of this opinion, those allegations were not waived because the petitioner pleaded guilty, but rather were barred by the habeas court as an improper successive claim under Practice Book § 23-29 (3) because the ground of ineffective assistance by Conroy had been raised and litigated in the petitioner's first habeas petition. Nevertheless, as recognized by the habeas court, the issue of whether DeSantis was ineffective in his handling of the claims against Conroy was never fully litigated but resolved by a stipulated judgment that restored the petitioner's appellate rights with respect to claims raised in the first habeas action. Similarly, whether Kraus, in the second habeas action, provided ineffective assistance with respect to the allegations in count five against DeSantis also has never been raised or litigated fully in a previous action. Unlike the situation as to counts one through three therefore, we cannot conclude that all claims directed against Conroy as set forth in count four necessarily fail as a matter of law and, therefore, we are left to consider whether the petitioner demonstrated good cause to proceed to trial on count five, limited to the claims that prior habeas counsel failed to properly raise or adequately litigate the alleged ineffective assistance of Conroy with respect to the voluntariness of the petitioner's guilty plea, and, with respect to count six against Kraus, whether Kraus failed to raise the ineffective assistance of DeSantis.[9]

In reaching its conclusion that the petitioner had not

satisfied his burden of proof by both alleging facts that, if proven, would entitle him to relief and producing evidence demonstrating that those alleged facts exist, the habeas court focused primarily on the petitioner's affidavit, which he had attached as an exhibit to his memorandum of law in support of a finding of good cause. The court stated with respect to the claims against Conroy: "The affidavit also attests to the petitioner's interactions with [Conroy] after he replaced [Simon]. The petitioner's focus as to [Conroy] is his not investigating, challenging or appealing the issues the petitioner has identified relating [Simon's] withdrawal. Had both [Simon] and [Conroy] done all that the petitioner alleges they did not do, then he would not have pleaded guilty."

After next setting forth its conclusion that the petitioner failed to meet his burden of proof under § 52-470 (b), the court expounded on that conclusion as follows: "Most importantly, the petitioner's attestations in his affidavit do not establish the necessary interrelationship between ineffective assistance of counsel and the plea itself. . . . Stated somewhat differently, none of the petitioner's claims have a direct relationship to the validity of the plea itself, and any relationship he asserts is too indirect and tenuous." We conclude that, although this conclusion is apt with respect to the claims pertaining to Simon's performance; see part I of this opinion; it is improper with respect to certain allegations against Conroy, and that error undermines the court's determination that no good cause to proceed to trial existed regarding those particular allegations.

Among the documentary evidence that may be submitted in support a finding of good cause to proceed to trial are affidavits and unsworn statements. General Statutes § 52-470 (b) (2). The assertions in the petitioner's affidavit regarding Conroy's performance included his averment that he would not have pleaded guilty if Conroy had properly advised him that a guilty plea would operate as a waiver of his right to challenge the court's decisions not to allow him to proceed to trial with Simon as his counsel of choice or to represent himself. Specifically, the petitioner averred that "[i]f [Conroy] had told me that pleading guilty would cause me to waive my right to appeal from Judge Gaffney's denial of my request to have [Simon] continue as my attorney I would not have pleaded guilty." From that statement, a reasonable factual inference may be drawn that Conroy never advised the petitioner about that particular legal consequence of his plea. If such testimony was credited at trial, the petitioner's statement and reasonable inference would constitute evidence supporting his assertion in the petition that he received ineffective assistance from Conroy and that Conroy's deficient performance directly related to the knowing and voluntary nature of his plea. This stands in direct conflict with the habeas court's reasoning. There is

further evidence in the record that DeSantis failed to appeal from the denial of the first petition, which led to the need for a second action to restore the petitioner's appellate rights. Although it is possible on the basis of the entire record in this case, including the second habeas action, to theorize other potentially viable affirmative defenses that the respondent might have successfully pleaded with respect to counts five and six, the respondent failed to raise any defenses to those counts in its return. Because we cannot countenance the dismissal of a habeas petition on the basis of a defense not pleaded in the return; see *Day* v. *Commissioner of Correction*, 151 Conn. App. 754, 759–60, 96 A.3d 600, cert. denied, 314 Conn. 936, 102 A.3d 1113 (2014); it is unwise to engage in any further discussion of such possibilities. The habeas court's rationale for dismissing counts five and six in their entirety simply lacks support in the record before us, and our review of the pleadings and evidentiary submissions leads us to conclude that at least a portion of the petition has a sufficient basis in both fact and law to proceed to a trial.

To summarize, we reverse the judgment of dismissal pursuant to § 52-470 (b) only with respect to those portions of count five alleging that the petitioner's first habeas counsel failed adequately to plead, prove, and argue those claims raised in count four of the amended petition regarding Conroy's alleged failure to advise the petitioner of the consequences of his guilty plea. We further reverse the judgment with respect to that portion of count six, which claims that the petitioner's second habeas counsel failed to adequately plead, prove, and argue the surviving portions of count five. The matter is remanded for further proceedings on those portions of the petition only. We otherwise affirm the habeas court's decision to dismiss the amended petition.

The judgment is reversed in part and the case is remanded for further proceedings in accordance with the preceding paragraph; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] General Statutes § 52-470 (b) provides in relevant part: "(1) After the close of all pleadings in a habeas corpus proceeding, the court, upon the motion of any party or, on its own motion upon notice to the parties, shall determine whether there is good cause for trial for all or part of the petition.

"(2) With respect to the determination of such good cause, each party may submit exhibits including, but not limited to, documentary evidence, affidavits and unsworn statements. . . .

"(3) . . . If the petition and exhibits do not establish such good cause, the court shall hold a preliminary hearing to determine whether such good cause exists. If, after considering any evidence or argument by the parties at such preliminary hearing, the court finds there is not good cause for trial, the court shall dismiss all or part of the petition, as applicable."

[2] We note that although some of the substantive criminal statutes referred to in our recitation of the facts have been amended by the legislature since the events underlying the present appeal, such amendments lack any bearing

on the merits of this appeal. Accordingly, for simplicity, we refer to the current revision of those statutes.

[3] Simon claimed he likely would be needed as a witness to rebut certain consciousness of guilt evidence that the state intended to present at trial.

[4] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[5] Although neither party submitted to the habeas court in the present action any portion of the pleadings or decision in the second habeas action, we take judicial notice of the contents of that file. See *State* v. *Lenihan*, 151 Conn. 552, 554, 200 A.2d 476 (1964) (courts in this state have discretion to take judicial notice of court files in same or other cases).

[6] The petitioner alleged that Simon provided ineffective assistance by failing (1) to have a special public defender appointed to advise the petitioner of the risks involved in proceeding to trial with conflicted counsel; (2) to inform the court that the petitioner wanted to waive his right to conflict-free counsel; (3) to withdraw his motion to withdraw after the petitioner waived his right to conflict-free counsel; (4) to advise him of his right to seek review of the court's granting of the motion to withdraw; and (5) to advise him of his right to appeal from the denial of his request to represent himself.

[7] In granting the petition, the habeas court noted: "The court questions whether a petition for [certification] is necessary in order for the petitioner to appeal from a *dismissal* under [§] 52-470 (b)." (Emphasis in original.) That issue is not before us in the present case. Nevertheless, we note that the statutory requirement that petitioners seek certification prior to the filing of an appeal with this court is found in subsection (g) of § 52-470, which provides that certification is required for appeals "from the judgment rendered in a habeas corpus proceeding . . . ." A dismissal or summary disposition of a petition for a writ of habeas corpus, whether made pursuant to § 52-470 (b), Practice Book § 23-29, or Practice Book § 23-37, is a "judgment rendered in a habeas corpus proceeding" and, as such, presumably would necessitate that an aggrieved petitioner file a petition for certification to appeal in accordance with § 52-470 (g) prior to initiating any appeal from such a judgment. See, e.g., *Parker* v. *Commissioner of Correction*, 169 Conn. App. 300, 308, 149 A.3d 174 (certification sought prior to appeal of § 52-470 [b] dismissal), cert. denied, 324 Conn. 903, 151 A.3d 1289 (2016); *Day* v. *Commissioner of Correction*, 151 Conn. App. 754, 757, 96 A.3d 600 (dismissal pursuant to Practice Book § 23-29), cert. denied, 314 Conn. 936, 102 A.3d 1113 (2014); *Lawrence* v. *Commissioner of Correction*, 125 Conn. App. 759, 762, 9 A.3d 772 (2010) (summary judgment pursuant to Practice Book § 23-37), cert. denied, 300 Conn. 936, 17 A.3d 474 (2011).

[8] For clarity and ease of analysis, we address the petitioner's claims in a different order than they are set forth in the petitioner's brief.

[9] We construe the habeas court's decision as properly having followed a similar analytical path to the one that we have employed.